PROVOSTY, J.
Motion is made to dismiss the appeal on the grounds:
“(1) That there is no proper bond of appeal, as in the bond on file no one is bound as surety.
“(2) That proper parties have not been legally made to the appeal.
“(3) That the record is incomplete and defective, and that there is no proper certificate of the clerk thereto.”
First, as to the surety: The designation of the surety in the bond is as follows:
“Know all men by these presents, that we, Harry MeEnerny as principal, Lamar C. Quintero and - as surety, are held. * * * Now, the condition of the above obligation is such that if the above-bound Harry MeEnerny shall and * * * ; otherwise, that the said - shall be liable in his place.”
And the bond is signed by Harry MeEnerny and Lamar C. Quintero.
We think it appears with certainty that Lamar C. Quintero is bound as surety on the bond, and that the bond is therefore good.
Second, as to the proper parties not having been made: More specifically stated, the objection under this head is that Otto Maier, one of the appellees, was not regularly served with citation, but that his attorney accepted service of citation for him. The objection does not come from Otto Maier, and there is no question raised as to the authority of the attorney, but the contention is that, inasmuch as the court has held that citation of appeal cannot be served on the attorney (Jeffrey v. Philips, 23 La. Ann. 207), it would seem to follow that the attorney cannot accept service. The argument is *336 without force. What a party does through his attorney he does himself, but the attorney is not the party, and hence service must be on the party, not on the attorney.
The third ground, as to the incompleteness of the record, must be sustained. The clerk does not certify that the record contains “all the proceedings had, documents filed, and evidence adduced” in the case, but all those had, filed, and adduced “from June 12, 1905, to September 5, 1905, both inclusive.’,’ The appeal is that of Harry McEnerny, and his suit consists of a motion to be recognized as subrogee of a claim against the insolvent, and to be appointed definitive syndic of the insolvent, and the two dates, June 12th and September 5th, embrace the entire time between the filing of the motion and the filing of the appeal bond; but, in order to be complete, the record would have had to include the proceedings of the matter of the insolvency itself. The clerk does not certify that it does. Hence the record is incomplete, and the appeal, as a consequence, must be dismissed.
Appeal dismissed.